## The G. H. Hammond Company, Appellee, v. George E. Ford, Appellant.

### Gen. No. 23,576.  (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 19, 1918.

### Statement of the Case.

Action of the first class in the Municipal Court of Chicago by The G. H. Hammond Company, a corporation, plaintiff, against George E. Ford, defendant, on a contract. There was a verdict for plaintiff for $1,487.98. Plaintiff, on the court's suggestion, filed a remittitur for $391.50 and judgment was entered in its favor for $1,096.48, from which defendant appeals, plaintiff assigning cross errors as to matters affecting a claim for set-off filed by defendant.

DITCHBURNE & WESTBERG, for appellant.

HENRY VEEDER, ROBERT C. McMANUS and FRANK L. HORTON, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 14*—*what constitutes prima facie case in action of first class for services rendered under contract.* Where, in an action of the first class in the Municipal Court of Chicago to recover for services rendered under a contract and for a breach of the contract, plaintiff puts defendant on the stand and through him introduces evidence that an itemized account of the charges for such services, which was shown the witness, had

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

been checked up by defendant's employees and that it correctly stated the amount that defendant's books showed to be due after being so checked, a prima facie case is made out as to the charges for services and a motion to instruct the jury to find for defendant is properly overruled, even though no evidence is introduced by plaintiff, in presenting his case, regarding the issues raised by defendant's affidavit of merits as to plaintiff's alleged failure to do the various things called for on its part under the contract.

2. APPEAL AND ERROR, § 538*—*when error in refusing to instruct jury to find for defendant is not reviewable.* Denial of a motion to instruct the jury to find for defendant at the close of plaintiff's evidence cannot be urged as error, where the motion was not renewed at the close of all the evidence.

3. APPEAL AND ERROR, § 538*—*when refusal to direct verdict for defendant is reviewable.* The ruling of the trial court, made after defendant had rested, denying a motion, made at the close of plaintiff's case, to instruct the jury to find the issues for the defendant as to one of the items of plaintiff's claim, is properly reviewable where the evidence in rebuttal following the motion had nothing to do with such item.

4. WAREHOUSEMEN, § 23*—*when waiver of full compliance with contract for delivery of specified amount of goods for storage is shown.* In an action to recover for the breach of a contract which called for the delivery by defendant of a certain quantity of goods for storage, evidence that defendant stated to plaintiff's agent that he feared that he would not be able to deliver such quantity, but would go out and get sufficient goods to fulfil the contract if plaintiff insisted, whereupon the agent told him that plaintiff would not be technical but that defendant should do the best he could, *held* to show a waiver by plaintiff of full compliance with the provision requiring defendant to deliver the specified amount of goods for storage.

5. PRINCIPAL AND AGENT, § 8*—*when agent shown to have authority to waive full compliance with storage contract.* In an action to recover for the breach of a contract requiring defendant to deliver to plaintiff for storage a certain number of barrels of apples, the manager of plaintiff's storage warehouses, who negotiated dealings with defendant which resulted in the contract, had charge of soliciting plaintiff's storage business and of the storage plant and was authorized to make storage contracts binding on plaintiff, *held* to have authority to waive full compliance with the provision as to the number of barrels which should be delivered.

6. APPEAL AND ERROR, § 1424*—*when errors as to set-off are harmless.* Where a defendant filing a statement of set-off fails to make

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

out a case on his set-off and, under the evidence, is not entitled to have any allowance upon his claim, errors having to do with his claim are harmless.

7. Warehousemen—*what is measure of damages for injury to stored goods.* Where, in an action on a contract for the storage of goods, defendant files a claim of set-off for damages to goods stored with plaintiff, his measure of damages is the difference between the fair market value if they had been withdrawn from storage in good condition at seasonable times and the amount which he was able to obtain for them in their damaged state.

8. Warehousemen, § 27*—*when damages for injury to stored goods not shown.* In an action to recover under a contract for the storage of goods, wherein defendant filed a claim of set-off for damages to goods stored with plaintiff, evidence *held* insufficient to show the damages to the goods in question, in that it failed to show of what the goods consisted, their fair market value or that after they were damaged defendant sold them for their market value in their then condition.